IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANET SCOTT

    Plaintiff,

  v.

AETNA LIFE INSURANCE COMPANY,
et. al.,

    Defendants.

CIVIL ACTION NO. 3:04-CV-0611

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are Defendant Aetna Life Insurance Company's Motion for Summary Judgment (Doc. 30) and Plaintiff Janet Scott's Motion for Summary Judgment (Doc. 35). For the reasons set forth below, the Court will grant Defendant's motion and deny Plaintiff's motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff enrolled herself and her spouse in a life insurance plan ("the Plan") governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, ("ERISA"). Plaintiff's employer, Thomson Education Direct ("Thomson"), administered the plan. (Doc. 31, Ex. 1, Aetna-00033.) Defendant Aetna administered claims under the Plan. *Id.*

On September 15, 1997, Plaintiff elected "spouse coverage" in the amount of $60,000.00 for her husband. (Doc. 31, Ex. 2.) Under the terms of the Plan, the maximum amount for a spouse may not exceed twice the employee's annual earnings after being rounded to the next higher $10,000. (Doc. 31, Ex. 1, Aetna-00030.)

Furthermore, one can become insured with respect to a dependant for an amount of Life Insurance in excess of $35,000 only if one submits evidence of that dependent's good health to Aetna and such evidence is approved by Aetna. *Id.* Plaintiff did not meet either of these requirements upon electing coverage for her husband in the amount of $60,000.00, however, Plaintiff submitted evidence that premiums were deducted from her paychecks by Thomson for this level of coverage. (Doc. 31, Ex. 7, Aetna-00064.)

On October 13, 2001, Plaintiff and Mr. Scott divorced. (Doc. 11 ¶ 11.) Plaintiff informed her employer, Thomson, that the divorce was finalized. (Doc. 37 ¶ 8.) Plaintiff, however, did not inform Aetna directly of the change in her marital status. Plaintiff submitted evidence that Thomson told her that her former husband's insurance would continue through December 31, 2001. (Doc. 37 ¶ 9; Doc. 31, Ex. 7, Aetna-00064.) Thomson also continued to deduct premiums from Plaintiff's paycheck for life insurance for Mr. Scott through the end of December, 2001. (Doc. 31, Ex. 4, Aetna-00066.)

Mr. Scott died suddenly on December 27, 2001. (Doc. 31, Ex. 5, Aetna-00086.) Following Mr. Scott's death, Plaintiff submitted a claim to Aetna for life insurance benefits. (*Id.* at Ex. 3, Aetna 00056-57.) Aetna denied Plaintiff's claim for benefits after it determined that Mr. Scott ceased to be an eligible dependent as of the date that Mr. and Mrs. Scott's divorce became final. (*Id.* at Ex. 6, Aetna-00062.) Plaintiff appealed the denial of her claim.

On February 5, 2002, the Aetna claims examiner authored the following note:

> DC INDICATED THAT DECEDENT WAS DIVORCED FROM THE EMPLOYEE JANET SCOTT - CALLED CLAIRE AT PH OFFICE . . . TALKED TO HER ABOUT COVERAGE - SHE INDICATED THAT ALTHOUGH EE WAS DIVORCED THE HR AREA HAD NOT BEEN

2

> NOTIFIED AND THE LOCATION WHERE EE WORKS THOUGHT THAT COVERAGE WOULD CONTINUE FOR 90 DAYS - TOLD HER THAT TO THE BEST OF MY KNOWLEDGE COVERAGE WOULD HAVE ONLY BEEN IN FORCE TO 30 DAYS AFTER DIVORCE.  ALSO CHECKED WITH CONVERSION UNIT TO SEE IF THEY HAD APPLIED TO CONVERT THE SPOUSE COVERAGE AT THE TIME OF THE DIVORCE PER PH THEY WERE DIVORCED IN OCTOBER 2001 - NOTHING WAS RECV'D IN CONVERSIONS - PH WANTS TO RELEASE TO EXAMINER TO SEE IF PAYMENT CAN BE MADE.

(Doc. 37 ¶ 12; Doc. 36, Ex. 1.)  Following further investigation, Aetna upheld the denial of Plaintiff's claim.  *Id.*

Plaintiff then filed the present suit pursuant to ERISA, which was removed to this Court on March 23, 2004.  (Doc. 1.)  On June 10, 2004, Plaintiff filed an Amended Complaint.  (Doc. 11.)  On August 31, 2004, the Court granted a Motion to Dismiss Plaintiff's employer, Thomson, from suit.  (Doc. 23.)  On June 30, 2005, Defendant Aetna filed a motion for summary judgment.  (Doc. 30.)  Plaintiff filed a motion for summary judgment on July 15, 2005.  (Doc. 35.)  Both motions are fully briefed and ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

3

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888

(1990).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

## DISCUSSION

**1.     Standard of Review**

Defendant argues it is entitled to an "arbitrary and capricious" standard of review as detailed in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989) and *Pinto v. Reliance Standard Life Insurance Co.*, 214 F.3d 377 (3d Cir. 2000).  Plaintiff counters that the Court is required to review the denial of her claim under a *de novo* standard of review.  Because I find that even under a *de novo* standard of review Defendant is entitled to summary judgment, I will review Plaintiff's claim *de novo* without further determination of the appropriate standard.

**2.     Plaintiff's Claim**

Pursuant to 29 U.S.C. § 1132(a)(1)(B), a claimant may bring a civil action to recover benefits due to her under the terms of her plan.  In the present case, Plaintiff seeks to recover life insurance benefits for her ex-husband.  Plaintiff argues that the Plan is ambiguous because it does not expressly state that "spousal coverage" terminates after a divorce, and she should therefore be entitled to benefits.  Plaintiff points to the alleged confusion of her employer, Thomson, as well as Aetna's claim examiner in support of her contention that the Plan is ambiguous.  For the reasons set forth below, I disagree and find that the language of the Plan is clear as to Mr. Scott's ineligibility for coverage under the Plan.

In interpreting the terms of an ERISA plan, the Court examines the plan documents as a whole and, if they are unambiguous, construes them as a matter of law. *See Kemmerer v. ICI Americas Inc.*, 70 F.3d 281, 288-89 (3d Cir. 1995). In interpreting the "provisions of a plan governed by ERISA, terms 'must be given their plain meanings, meanings which comport with the interpretation given by the average person.'" *Int'l Union, United Auto., Aero. & Agric. Implement Workers v. Skinner Engine Co.*, 15 F. Supp. 2d 773, 780 (W.D. Pa. 1998) (citing *Wickman v. Northwestern Nat'l Ins. Co.*, 908 F.2d 1077, 1084 (1st Cir. 1990), *cert. denied*, 498 U.S. 1013 (1990)). A term is ambiguous if it is subject to reasonable alternative interpretations. *Id.* at 780. However, if upon review, a court can find "but one reasonable interpretation, then a fortiori there can be no ambiguity." *Id.* (citing *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 231 (3d Cir. 1994)).

In the present case, the Plan's "Summary of Coverage" states under the section titled "Dependents" that:

> *You may cover your:*
> - *wife or husband*

(Doc. 31, Ex. 1, Aetna-00026.)

Further, under the section "Termination of Coverage" the Plan states, in relevant part, that:

> *A dependent's coverage will terminate at the first to occur of:*
> - *When such person is no longer a defined dependent.*

(Doc. 31, Ex. 1, Aetna-00046-47.)

Even under a *de novo* standard of review, I find the Plan's language to be

6

unambiguous. By the literal terms of the Plan, insurance on Mr. Scott ceased when he ceased to be Plaintiff's husband. The Plan specifically states that a dependent's coverage terminates when the person is no longer a defined dependent. Dependent is defined in the Plan, in relevant part, as your "wife or husband." Upon divorce, Mr. Scott was no longer Plaintiff's husband. As I can find only one reasonable interpretation, the language of the Plan is not ambiguous as to Mr. Scott's ineligibility for coverage following the finalization of his divorce.

In support of her argument, Plaintiff relies on *Lewis v. Cox Enter., Inc.,* No. 94-2792, 1995 WL 321754 (E.D. La. May 24, 1995). In *Lewis*, a company representative told the plaintiff that he could maintain coverage for his ex-spouse, and continued to deduct premiums for the insurance for over two years after the plaintiff's divorce. The policy language in *Lewis* was identical to the language here. The court found that the term "defined dependent" was ambiguous, and that the language could be construed in favor of coverage. As previously stated, I find the Plan's language to be clear and unambiguous in the instant case, and I therefore decline to follow *Lewis*.

As there is no genuine issue of material fact as to Mr. Scott's ineligibility for coverage under the Plan, Plaintiff's motion for summary judgment will be denied and Defendant's motion for summary judgment will be granted.

## CONCLUSION

The Plan is not ambiguous and there is no genuine is of material fact as to Mr. Scott's ineligibility for coverage under the Plan. Therefore, Aetna properly denied Plaintiff's claim for life insurance benefits for her ex-husband. Plaintiff's motion for

summary judgment will be denied and Defendant's motion for summary judgment will be granted.

An appropriate Order will follow.


 November 29, 2005                                    /s/ A. Richard Caputo
Date                                                            A. Richard Caputo
                                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANET SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>AETNA LIFE INSURANCE COMPANY,<br>et. al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:04-CV-0611<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this ___29th___ day of November, 2005, **IT IS HEREBY ORDERED** that:

(1) Defendant Aetna Life Insurance Company's Motion for Summary Judgment (Doc. 30) is **GRANTED**.

(2) Plaintiff Janet Scott's Motion for Summary Judgment (Doc. 35) is **DENIED**.

(3) The Clerk of Court shall mark this case **CLOSED**.

                                                        /s/ A. Richard Caputo
                                                        A. Richard Caputo
                                                        United States District Judge